J-S61041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMEN WOODS | : | |
| | : | |
| Appellant | : | No. 3444 EDA 2017 |

Appeal from the PCRA Order September 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0611411-1982

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 13, 2019**

Appellant, Carmen Woods, appeals from the order entered in the Court

of Common Pleas of Philadelphia County dismissing as untimely his sixth

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.  Herein, Appellant contends the PCRA court erred because he

qualified under the newly-discovered fact exception to the PCRA time-bar.  We

affirm.

The PCRA court summarizes the pertinent facts and procedural history,

as follows:

> [I]n November, 1982, Appellant, together with his co-defendant,
> Michael Jones, was tried and convicted in a jury trial before the
> Honorable Albert F. Sabo, for the May 16, 1982 murder of Chester
> Laws, Jr., and the May 18, 1982 shooting at Homer Lane, who
> witnessed the murder.  Lane testified at trial and Appellant was

_____

[*] Former Justice specially assigned to the Superior Court.

convicted of first-degree murder, aggravated assault, and related offenses.

Following the guilty verdicts, new counsel came into the case and numerous rounds of post-trial motions were filed and litigated. Among the many issues raised was that Lane intended to recant his testimony. An evidentiary hearing was held prior to sentencing in accordance with the rules at the time. Lane testified and he did not recant his trial testimony. All motions were denied and Appellant was then sentenced [to life imprisonment without the possibility of parole] in December 1983. The judgment of sentence was affirmed by the Superior Court. *Allocatur* was granted by the Supreme Court[, which] also affirmed the judgment of sentence.

[Thereafter, Appellant filed numerous rounds of Post Conviction Hearing Act ("PCHA") and PCRA appeals predicated on either Lane's recantation that he lied about witnessing the murder because Appellant had shot at him, or on prior counsels' failure to call certain witnesses who could have impeached Lane's credibility. Appellant filed other PCRA petitions deemed meritless.]

On August 17, 2016, Appellant filed the instant PCRA petition, his sixth. . . . In Appellant's instant petition, he alleged his most recent PCRA was timely. Appellant once again raised the issue that he discovered "new evidence" which would discredit Homer Lane. Also, Appellant asserted that the Commonwealth violated ***Brady v. Maryland***, 373 U.S. 83 (1983), by failing to disclose information to defense and by misrepresenting Mr. Lane's motivation for coming forward and providing testimony. After reviewing the pleadings, the record, and the law, and after complying with notice and procedural requirements, [the PCRA court] dismissed the petition as untimely without addressing the merits. The instant timely *pro se* appeal followed.

PCRA Court Opinion, 3/25/19, at 1, 3-4.

Appellant presents the following questions for our review:

1. [Did] Appellant plead[] and prove[] a valid exception to the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b)(1), in that subsection (b)(1)(i) is invoked and satisfied?

2. [Was] Appellant entitled to a New Trial or further proceedings based upon a denial of due process of law as guaranteed under the Fifth and Fourteenth Amendments of the Constitution of the United States, and Article 1 § 9 of the Pennsylvania Constitution, by virtue of the suppression of material exculpatory or favorable evidence, and the Commonwealth's failure to correct false testimony[?]

Appellant's brief, at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the PCRA court's findings unless the certified record does not support such findings. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super. 2001).

Before addressing the merits of Appellant's issues, however, we must first determine whether the PCRA court correctly concluded that his serial PCRA petition is untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at Sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of

_____

[1] The exceptions to the timeliness requirement are:

these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[2] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

(i)      the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactive.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] The Pennsylvania legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking a time-bar exception. **See** Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Appellant's serial petition.

Here, it is uncontested that Appellant's judgment of sentence became final over thirty years ago pursuant to 42 Pa.C.S.A. § 9545(b)(3).[3] Thus, Appellant's present PCRA petition, his sixth, filed in 2016, is patently untimely. Accordingly, the PCRA court was without jurisdiction to address the petition on its merits unless Appellant satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra.**

Appellant claims his petition meets the PCRA's time-bar exception for newly discovered facts. This Court has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA

_____

[3] Section 9545(b)(3) provides, "For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

> Stated differently, subsection 9545(b)(1)(ii)
>
> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence.** If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Id.***, at 176-77 (quoting ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

In support of his newly-discovered fact claim, Appellant argues that a person working on a documentary project recently furnished him with information obtained from two articles published in the *Philadelphia Inquirer* newspaper on May 19, 1982 and June 3, 1982, respectively, reporting on the shooting of Chester Laws, Jr. In Appellant's brief, he maintains the newspaper articles contained the following exculpatory quotes supplied by the victim's father to *Philadelphia Inquirer* reporters:

> Laws Sr. informed police that he found him a witness to his son's shooting. (Philadelphia Inquirer, May 19, 1982, Robert J. Terry); and
>
> I got hold of him [Homer Lane] and he breaks, then I took him to the police. (Philadelphia Inquirer, pg. 5, June 3, 1982, Marguerita Delguidice).

Appellant's brief, at 7. Specifically, Appellant maintains that such statements implicated Homer Lane in the shooting of Chester Laws, Jr.

The PCRA court determined, however, that "[t]his evidence could have been discovered at any point starting with their publication in 1982. . . . As these facts were easily discoverable and in the public record for longer than 60 days before this petition was filed, the petition is time-barred, and we lack jurisdiction to address the merits." PCRA Opinion, at 6 (quoting *Commonwealth v. Fisher*, 870 A.2d 864, 871 (Pa. 2005)). We agree.

Appellant was represented by counsel at all relevant stages of his criminal trial. Why it is that neither counsel nor he were able to discover two *Philadelphia Inquirer* newspaper articles reporting on the fatal shooting at issue and published just one day before, and two weeks after, Appellant's arrest, is not explained. In this regard, we note that this case bears no similarity to *Commonwealth v. Burton*, 121 A.3d 1063 (Pa.Super. 2015) (*en banc*), in which this Court recognized a *pro se* petitioner exception to the due diligence rule in discovering new information in the public domain, as the information here was available at the very outset of Appellant's counseled defense.

As such, Appellant fails to carry his burden to establish that the articles were ascertainable no earlier than 60 days prior to his filing of the present petition, despite the passage of 34 years from the original dates of their publication in a prominent Philadelphia newspaper. Accordingly, we discern no error with the Court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/13/19</u>